UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAWN MARTIN,

       Plaintiff,

                                        Case Number 09-12513-BC
v.                                      Honorable Thomas L. Ludington

FEENY CHRYSLER-DODGE OF
GAYLORD, INC.,

       Defendant.
_____/

## **ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Now before the Court is Defendant's motion to compel discovery [Dkt. # 18] filed on April 14, 2010. Defendant requests that the Court compel Plaintiff to produce personal bank and financial records that it requested in a second request for production of documents, to which Plaintiff responded by objecting on March 30, 2010. Defendant asserts that Plaintiff's records are relevant because Plaintiff has alleged violations of the Comprehensive Omnibus Budget Reconciliation Act ("COBRA") of 1985, as amended, 29 U.S.C. § 1161. Plaintiff alleges that Defendant did not comply with COBRA notice provisions, and Defendant believes that Plaintiff's records will demonstrate that she could not afford COBRA insurance, thereby undermining the credibility of her claims.

In a response [Dkt. # 21] filed on April 20, 2010, Plaintiff asserts that Defendant first sought Plaintiff's bank records in a second set of interrogatories and request for production of documents served on October 16, 2009. Plaintiff objected to the discovery request in her answers served on November 24, 2009. On December 3, 2009, via a letter, Plaintiff advised Defendant of her belief that *Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380 (10th Cir. 1997), supported her position that Plaintiff's financial information was not relevant to defend her failure to notify claims. Defendant

did not file a motion to compel. Rather, on March 1, 2010, Defendant served Plaintiff with another discovery request for Plaintiff's personal records, which Plaintiff objected to on March 30, 2010.

Defendant did not file a reply in support of its motion to compel. Significantly, the authorized period for discovery in this matter closed on March 31, 2010. Defendant's motion to compel was not filed until two weeks after the close of discovery. Moreover, Defendant has not provided an explanation for the delay, when it was on notice of Plaintiff's objection to producing her personal financial records as early as November 2009. Based on the tardiness of Defendant's motion, and the lack of an explanation for the tardiness, Defendant's motion will be denied. *See, e.g.*, *Ginett v. Fed. Exp. Corp.*, 166 F.3d 1213 (table) 1998 WL 777998, at *4-5 (6th Cir. 1998).

Accordingly, it is **ORDERED** that Defendant's motion to compel discovery [Dkt. # 18] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 12, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 12, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS