UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAWN MARTIN,

      Plaintiff,

v.

      Case Number 09-12513-BC
      Honorable Thomas L. Ludington

FEENY CHRYSLER-DODGE OF
GAYLORD, INC.,

      Defendant.
_____/

# ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY, DIRECTING THE FILING OF SUPPLEMENTAL TRIAL BRIEFS, SCHEDULING PLAINTIFF'S MOTION IN LIMINE FOR HEARING, AND RESETTING FINAL PRETRIAL CONFERENCE AND TRIAL DATES

Plaintiff Dawn Martin filed a single-count complaint on June 25, 2009, against Defendant Feeny Chrysler-Dodge of Gaylord, Inc., arising out of Defendant's alleged failure to provide her with written notice of her rights under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. 1161, et. seq. Specifically, Plaintiff alleges that Defendant did not notify her of her right to continuation of her health care coverage subsequent to the termination of her employment on August 4, 2008.

On August 10, 2010, the Court denied Plaintiff's motion for partial summary judgment. *See* [Dkt. # 43]. The Court concluded that there was a genuine issue of material fact as to whether Defendant made a good faith attempt to provide Plaintiff with notice of her rights through a means reasonably calculated to reach her when it mailed two documents to her home address via First Class Mail. In addition, the Court concluded that there was an unresolved legal question related to the manner in which this Court should apply a U.S. Department of Labor ("DOL") regulation governing

the specific information that Defendant should have provided to Plaintiff in the documents. As the moving party, Plaintiff did not meet her burden of informing the Court of the basis for her contention that she was "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Now before the Court is Plaintiff's motion for reconsideration [Dkt. # 47] of the denial of her motion for partial summary judgment, filed on August 24, 2010. Pursuant to leave granted by the Court, Defendant filed a response [Dkt. # 55] on September 10, 2010. While Plaintiff has sought leave to file a reply, *see* [Dkt. # 53], a reply is not necessary to resolve Plaintiff's motion, and the motion for leave will be denied. In addition, Plaintiff's motion for reconsideration will be denied because Plaintiff has not identified a proper basis for a motion for reconsideration under Eastern District of Michigan Local Rule 7.1(h)(3).

To prevail on a motion for reconsideration, the moving party generally must demonstrate "a palpable defect by which the court and the parties [were] misled . . . [and] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain." *See United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001). Generally such motions will not be granted where the motion "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(h)(3). Furthermore, motions for reconsideration "are aimed at *re* consideration, not initial consideration." *Id.*; *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration."); *see also Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

COBRA imposes a statutory requirement that a plan administrator notify a covered individual of her right to continue health insurance coverage for up to eighteen months after a "qualifying event," such as termination of employment. *See McDowell v. Krawchison*, 125 F.3d 954, 957 (6th Cir. 1997) (citing 29 U.S.C. §§ 1166(a)(4), 1162, 1163(2)). In the order denying Plaintiff's motion for partial summary judgment, the Court noted that the parties agreed that "the notice given must be sufficient to allow the qualified beneficiary to make an informed decision whether to elect coverage." *McDowell*, 125 F.3d at 958, because both parties cited case law to illustrate what is necessary for an employee to have sufficient information to make an "informed decision."

The Court noted, however, that all of the case law cited by the parties predated the DOL regulation promulgated on May 26, 2004, and codified at 29 C.F.R. §2590.606-4(b)(4).[1] The parties

---

[1] In pertinent part, the regulation provides:

(4) The notice required by this paragraph (b) shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:

   (i) The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits;

   (ii) Identification of the qualifying event;

   (iii) Identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;

   (iv) A statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee (or was the spouse of the covered employee on the day before the qualifying event occurred) may elect continuation coverage on behalf of all other qualified beneficiaries with respect to the qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;

   (v) An explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which

did not address how the DOL regulation may have impacted the standard developed in the case law,

> the election must be made;
>
> (vi) An explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified beneficiary may obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made;
>
> (vii) A description of the continuation coverage that will be made available under the plan, if elected, including the date on which such coverage will commence, either by providing a description of the coverage or by reference to the plan's summary plan description;
>
> (viii) An explanation of the maximum period for which continuation coverage will be available under the plan, if elected; an explanation of the continuation coverage termination date; and an explanation of any events that might cause continuation coverage to be terminated earlier than the end of the maximum period;
>
> (ix) A description of the circumstances (if any) under which the maximum period of continuation coverage may be extended due either to the occurrence of a second qualifying event or a determination by the Social Security Administration, under title II or XVI of the Social Security Act (42 U.S.C. 401 et seq. or 1381 et seq.) (SSA), that the qualified beneficiary is disabled, and the length of any such extension;
>
> (x) In the case of a notice that offers continuation coverage with a maximum duration of less than 36 months, a description of the plan's requirements regarding the responsibility of qualified beneficiaries to provide notice of a second qualifying event and notice of a disability determination under the SSA, along with a description of the plan's procedures for providing such notices, including the times within which such notices must be provided and the consequences of failing to provide such notices. The notice shall also explain the responsibility of qualified beneficiaries to provide notice that a disabled qualified beneficiary has subsequently been determined to no longer be disabled;
>
> (xi) A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;
>
> (xii) A description of the due dates for payments, the qualified beneficiaries' right to pay on a monthly basis, the grace periods for payment, the address to which payments should be sent, and the consequences of delayed payment and non-payment;
>
> (xiii) An explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and
>
> (xiv) A statement that the notice does not fully describe continuation coverage or other rights under the plan, and that more complete information regarding such rights is available in the plan's summary plan description or from the plan administrator.

29 C.F.R. §2590.606-4(b)(4).

nor the weight to be given to the DOL regulation. More specifically, the Court noted that the parties did not address whether the regulation was intended to be binding or persuasive, and whether it was simply meant to provide guidance to plan administrators as to the information that will allow a covered individual to make a "meaningful choice," or whether it is meant to be enforced by the courts in a strict, technical manner.

In her opening brief in support of her motion for summary judgment, Plaintiff asserted that the regulation was "deemed to modify the more general statement of the requirement of 'good faith.' " Pl. Br. 16; [Dkt. # 26]. Importantly, Plaintiff only argued that the regulation "modified" the case law; she did not argue that the regulation supplanted the case law. Indeed, Plaintiff primarily relied on *Meadows v. Cagles's, Inc.*, 954 F.2d 686, 692 (11th Cir. 1992), a case that predated the regulation, for the proposition that "notice must be sufficient such that the discharged employee can make 'an informed and intelligent decision whether to elect continuation coverage.' " Plaintiff further relied on *Van Hoove v. Mid-American Building Maintenance, Inc.*, 841 F. Supp. 1523 (D. Kan. 1993), another case that predated the regulation, to specifically argue that the documents purportedly provided to Plaintiff "deprived Plaintiff of her right to make 'an informed and intelligent decision whether to elect continuation of coverage.' " Pl. Br. 17; [Dkt. # 26]. In her reply brief, Plaintiff criticized Defendant for relying on case law predating the regulation, but again cited *Meadows* for the proposition that notice must be sufficient to allow an employee to "make an informed decision whether to elect continuation of coverage." Pl. Reply. Br. 5-6; [Dkt. # 35].

It is only now, in her motion for reconsideration, that Plaintiff seeks to argue that the regulation should be given "controlling weight," because it effectively supplanted all prior case law interpreting COBRA notice requirements, citing, inter alia, *Chevron, U.S.A., Inc. v. Natural*

*Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Such a contention is significantly different than Plaintiff's original suggestion that the regulation "modified" the case law, which is the only argument that was presented in Plaintiff's motion for summary judgment. Given that Plaintiff's original motion advanced the "informed decision" standard from case law predating the regulation and relied on additional case law predating the regulation, Plaintiff's position in her motion for reconsideration may reasonably be characterized as inconsistent, and waived, as Defendant suggests. In any event, Plaintiff's argument exceeds the scope of a proper motion for reconsideration. Accordingly, because the motion exceeds the scope, if not alters, the scope of her motion for summary judgment, the motion for reconsideration will be denied.

While Plaintiff's lack of attention to the legal effect of the regulation prevents the Court from granting her motion for summary judgment, this does not necessarily mean that the issue, now raised, need not be addressed prior to trial. It may be true, as Defendant suggests, that Plaintiff has waived the argument by advancing the "informed decision" standard developed by case law predating the regulation. On the other hand, Plaintiff's motion for summary judgment did cite the regulation. Thus, the parties will be directed to file supplemental trial briefs, prior to submission of the trial briefs required by the case management and scheduling order. *See* [Dkt. # 7, § XII(C)].

The parties supplemental trial briefs should not only address the potential waiver, but also the underlying substantive arguments. To date, the parties treatment of the significance of the DOL regulation has been cursory. For example, while arguing that the regulation is "binding," Plaintiff has not explained why and what it means to say that it should be interpreted and applied in a strict, technical manner. It is not inconceivable that even if "binding," only substantial compliance is required as the otherwise binding case law provided before issuance of the regulation. Similarly,

the parties have not described the procedural history of the regulation, including the impetus or justification for its enactment. Nor have they described the scope of authority granted to the DOL by Congress with respect to COBRA and the promulgation of regulations. Finally, adequate attention has also not been paid to whether the pertinent COBRA provisions are unambiguous, such that the regulation does not supersede the case law as Defendant suggests, pursuant to *Neal v. United States*, 516 U.S. 284 (1996), as clarified by *National Cable & Telecommunications Association v. Brand X Internet Services*, 545 U.S. 967 (2005).

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration [Dkt. # 47] is **DENIED**.

It is further **ORDERED** that Plaintiff's motion for leave to file a reply [Dkt. # 53] is **DENIED**.

It is further **ORDERED** that the parties are **DIRECTED** to file supplemental trial briefs as outlined above, and no longer than **twenty pages** on or before **October 6, 2010**. Any responses, no longer than **ten pages**, shall be filed on or before **October 20, 2010**.

It is further **ORDERED** that Plaintiff's motion in limine [Dkt. # 48] is **SCHEDULED** for **HEARING** on **November 15, 2010, at 2:00 p.m.**

It is further **ORDERED** that the final pretrial conference is **RESET** to **November 15, 2010, at 2:00 p.m.**, and the trial date is **RESET** to **November 30, 2010, at 8:30 a.m.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: September 15, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 15, 2010.

         s/Tracy A. Jacobs
         TRACY A. JACOBS